IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSHUA NEIDICH            :            CIVIL ACTION
                                         :
       v.                       :
                                         :
PROGRESSIVE ADVANCED       :
INSURANCE COMPANY         :            NO.  17-5375

**MEMORANDUM**

**Padova, J.**                                                  **August 22, 2018**

This is an insurance dispute between Plaintiff Joshua Neidich and his auto insurer, Defendant Progressive Advanced Insurance Company.  Plaintiff asserts claims for unpaid underinsured benefits, unpaid first party income loss benefits, and insurance bad faith.  Plaintiff has filed a Motion to Compel, seeking production of certain entries from Defendant's insurance claim file that Defendant maintains are protected by the work product doctrine.  For the reasons that follow, we grant the Motion with respect to the entries for which Defendant's assertion of privilege remains in dispute.[1]

I.      **FACTUAL BACKGROUND**

Plaintiff's suit arises out of an insurance claim that Plaintiff filed following a February 16, 2016 automobile accident.  (Compl. ¶ 3.)  Defendant began paying benefits for Plaintiff's income loss in March of 2016.  (Id. ¶¶ 35-36.)  According to Defendant, Plaintiff's counsel contacted Defendant on June 15, 2016, seeking "to discuss and avoid litigation."  (Def.'s June 19, 2018 Ltr. in Supp. of Def.'s *in camera* Submission ("Def.'s Ltr.") at 1.)  On December 25, 2016, Defendant told Plaintiff that it had determined that it had been overpaying his income loss

---

[1] Pursuant to our instructions during a telephone conference on May 23, 2018, the parties resolved their disputes concerning a number of entries in Defendant's privilege log that were also addressed in Plaintiff's Motion.  We therefore dismiss Plaintiff's Motion as moot with respect to those resolved disputes.

benefits based on a miscalculation of Plaintiff's lost wages, and that it would therefore deduct

that overpayment from future benefits.  (<u>Id.</u> at 2.)  Plaintiff filed this suit on October 31, 2017.

(<u>Id.</u>)

In discovery, Defendant has refused to produce certain materials from its insurance claim

file, asserting that the materials are protected by the work product doctrine.  It identifies two

categories of protected documents: 1) Defendant's employees' mental impressions and opinions

of Plaintiff's claim, and 2) Defendant's reserve information.  Plaintiff has moved to compel

discovery of all purportedly privileged material.  During a May 23, 2018 telephone conference,

we directed the parties to attempt to reach an agreement as to the date on which Defendant

reasonably anticipated litigation, and to thereafter submit any documents that remained in

dispute for *in camera* review.  On June 19, 2018, Defendant submitted for *in camera* review

redacted and unredacted copies of the claim file, as well as an annotated privilege log that

identified the documents that remained in dispute.

## II.     LEGAL STANDARD

The work product doctrine, set forth in Federal Rule of Civil Procedure 26(b)(3),

provides that, as a general rule, "a party may not discover documents . . . that are prepared in

anticipation of litigation . . . by or for another party or its representative."  Fed. R. Civ. P.

26(b)(3)(A).  The party asserting work product protection "bears the burden of showing that the

materials in question were prepared in the course of preparation for possible litigation."  <u>Holmes</u>

<u>v. Pension Plan of Bethlehem Steel Corp.</u>, 213 F.3d 124, 138 (3d Cir. 2000) (quotation and

quotation marks omitted).  "Materials prepared in the ordinary course of business, in contrast, are

not protected."  <u>Borgia v. State Farm Mut. Auto. Ins. Co.</u>, Civ. A. No. 14-3149, 2014 WL

4375643, at *2 (E.D. Pa. Sept. 3, 2014) (citations omitted).  "[D]iscovery disputes involving an

insurance company's claims file often present problems for the parties" because the ordinary course of an insurer's business involves evaluating its policyholder's claims. Id. at *3 (quotation omitted). The temporal trigger for work product protection in this context is the "point in its investigation [when] an insurance company's activity shifts from mere claims evaluation to an anticipation of litigation." Id. (quotation omitted). The party asserting work product protection must demonstrate that it subjectively anticipated litigation, and that the anticipation was objectively reasonable. Id. (citing Martin v. Bally's Park Place Hotel & Casino, 983 F.2d 1252, 1260 (3d Cir. 1993)).

## III.    DISCUSSION

Defendant maintains that all of the entries in its claim file that remain in dispute are protected by the work product doctrine on two grounds: first, it argues that all the disputed entries were prepared in anticipation of litigation; second, with respect to the entries that concern reserve information, it argues that reserve information always qualifies for work product protection. We address each argument in turn.

Defendant contends that it reasonably anticipated litigation beginning on June 15, 2016, when Plaintiff's then-counsel contacted Defendant seeking "to discuss and avoid litigation," and argues that the disputed entries in the claim file made after that date are therefore protected by the work product privilege. However, a lawyer's mere suggestion of a lawsuit is not enough to make an insurer reasonably anticipate litigation when the insurer's evaluation of the claim is ongoing. See Wagner v. Allstate Ins. Co., Civ. A. No. 14-7326, 2016 WL 233790, at *6 (E.D. Pa. Jan. 19, 2016) (rejecting insurer's argument that it reasonably anticipated litigation upon receipt of a demand letter from policyholder's counsel threatening to file suit, because insurer was still collecting information from policyholder to "continue [its] review of the claim"

(alteration in original)).  Here, Defendant continued to make payments on Plaintiff's wage loss claim until December 25, 2016, when it concluded that it had been overpaying.  (Def.'s Ltr. at 2.)  Thus, it is evident that Defendant was continuing to evaluate Plaintiff's claim from June 15, 2016 until at least December 25, 2016.  Consequently, we conclude that Defendant has not met its burden of demonstrating that it reasonably anticipated litigation on June 15, 2016 and that the claim file entries prepared after that date are therefore privileged.

Defendant argues in the alternative that we should, at a minimum, extend work product protection to its reserve information, relying on a Pennsylvania Superior Court case that it characterizes as holding that insurance reserves are *per se* protected from discovery as opinion work product.  See PECO Energy Co. v. Ins. Co. of N. Am., 852 A.2d 1230, 1234 (Pa. Super. Ct. 2004) (citing Rhone-Poulenc Rorer, Inc. v. Home Indemnity Co., 139 F.R.D. 609, 614 (E.D. Pa. 1991)).  However, contrary to Defendant's assertion, PECO did not establish a *per se* rule regarding reserve information and, in fact, expressly left open the question of whether insurance reserves are discoverable in bad faith actions like this one.  Id. at 1235 n.8.  Moreover, "[t]he work product doctrine 'is governed, even in diversity cases, by a uniform federal standard embodied in [Federal Rule of Civil Procedure] 26(b)(3),'"  Borgia, 2014 WL 4375643, at *2 (quoting United Coal Cos. v. Powell Constr. Co., 839 F.2d 958, 966 (3d Cir. 1988)) (second alteration in original), and courts in this District have not interpreted Rule 26(b)(3) as shielding all reserve information from discovery.  See, e.g., Borgia, 2014 WL 4375643, at *4 (permitting discovery of documents relating to reserves that were not prepared in anticipation of litigation).  Indeed, Defendant has cited no federal law that supports treating reserves as *per se* work product.  Accordingly, we conclude that Defendant has failed to provide relevant legal support for its argument that insurance reserves are always prepared in anticipation of litigation and are

therefore always protected as work product. Moreover, we conclude that Defendant has failed to provide relevant factual support for its position that the disputed materials concerning reserve information in this case were prepared in anticipation of litigation.

## IV. CONCLUSION

For the foregoing reasons, we reject both of Defendant's arguments for shielding the withheld information as work product. Consequently, it has failed to meet its burden of establishing work product protection, and we therefore grant Plaintiff's Motion to Compel with respect to the entries of Defendant's privilege log that remain in dispute. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova_____
John R. Padova, J.